UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

NANCY ALVAREZ, on her own behalf and on behalf of other similarly situated,

    Plaintiff,

vs.

GR OPCO, LLC d/b/a E11EVEN MIAMI, a Florida limited liability company, and DENNIS DEGORI, an individual,

    Defendants.
_____/

COLLECTIVE ACTION COMPLAINT

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff NANCY ALVAREZ ("Plaintiff" or "Alvarez"), on behalf of herself and others similarly situated, who was an employee of Defendants GR OPCO, LLC d/b/a E11EVEN MIAMI, a Florida limited liability company, and DENNIS DEGORI, an individual (together, "Defendants"), and by and through undersigned counsel files this Collective Action Complaint for unpaid minimum wage compensation, unpaid overtime wage compensation, house fees, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA"), and for a declaration of rights.

1. This action is brought pursuant to the FLSA for unpaid minimum wage compensation, unpaid overtime wage compensation, house fees, liquidated damages, and other relief, over the three years preceding filing of this suit ("Relevant Time Period").

2. Plaintiff and the proposed collective action members were employed as adult entertainers and subjected to similar violations of the FLSA by Defendants. They were:

1

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

a. Misclassified as independent contractors;

   b. Employed by Defendants but paid no minimum or overtime wage;

   c. Required to share tips with non-tipped employees; and

   d. Required to pay house fees for the right to work.

3. The class of similarly situated employees or potential collective action members sought to be certified under 29 U.S.C. § 216(b) is defined as:

   > All persons who worked for Defendants as adult entertainers at their club E11EVEN MIAMI during the three (3) years preceding this lawsuit.

4. Additionally, Plaintiff and those similarly situated seek a declaration of rights pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

5. The precise size and identity of the class can be ascertained from the business records, tax records, and/or employee or personnel records of Defendants and its related and affiliated entities.

## I. JURISDICTION AND VENUE

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' club operation is situated in this District; and because most, if not all, of the operational decisions were made in this District.

7. This Court has original jurisdiction over Plaintiff's federal question claims.

2

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## II.     PARTIES

8. Plaintiff NANCY ALVAREZ ("Alvarez") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. She was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

9. Defendant GR OPCO, LLC d/b/a E11EVEN MIAMI is a Florida limited liability company that has owned and operates the club E11EVEN MIAMI ("E11EVEN MIAMI"), located at 29 Northeast 11th Street, Miami, Miami-Dade County, Florida.

10. Defendant DENNIS DEGORI ("Degori"), an individual and *sui juris*, was the owner and manager of, and employer at, E11EVEN MIAMI, the club at which Plaintiff was employed. Degori acted directly and indirectly in the interest of E11EVEN MIAMI. Degori managed E11EVEN MIAMI and had the power to direct employees' actions. Degori had management responsibilities, degree of control over E11EVEN MIAMI's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at the Restaurant in accordance with the FLSA making Defendant Dennis Degori an employer pursuant to 29 USC § 203(d).

## III.     COVERAGE

11. During all material times, Defendant GR OPCO, LLC d/b/a E11EVEN MIAMI was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

working on goods or materials that have been moved in or produced for commerce by any person.

12. During all material times, Defendants were employers as defined by 29 U.S.C. § 203(d).

13. During all material times, GR OPCO, LLC d/b/a E11EVEN MIAMI had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

### IV. FACTUAL ALLEGATIONS

14. Defendants operated a club known as E11EVEN MIAMI, located at 29 Northeast 11th Street, Miami, Miami-Dade County, Florida.

15. Alvarez worked as an adult entertainer for Defendants from March, 2014, approximately, through November, 2016, approximately, not including two one-month absences, approximately.

16. During the Relevant Time Period, the applicable Florida minimum wage was $7.93 per hour in 2014 and $8.05 per hour in 2015 and 2016.

17. During the Relevant Time Period, the applicable Florida minimum overtime wage was $11.895 per hour in 2014 and $12.075 per hour in 2015 and 2016.

18. Throughout the Relevant Time Period, Plaintiff and those similarly situated ("Class Members") were misclassified as independent contractors instead of as employees.

19. Throughout the Relevant Time Period, Plaintiff and those similarly situated were not paid an hourly wage but instead were only paid a share of the tips collected.

20. Throughout the Relevant Time Period, Plaintiff and those similarly situated regularly worked in excess of forty (40) hours per seven-day week.

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

21. As the result of the above violations, Defendants did not satisfy the requirements of the FLSA during the Relevant Time Period and must therefore pay Plaintiff and those similarly situated the full minimum wage for each regular hour worked and the full overtime wage for each overtime hour worked.

22. As the result of the above violations, Defendants willfully engaged in practices that denied Plaintiff and those similarly situated their applicable minimum and overtimes wages under the FLSA.

23. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff seeks certification of collective action from this court, for herself and those similarly situated, pursuant to 29 U.S.C. 216(b).

25. Plaintiff and those similarly situated performed the same or similar jobs as one another in that they were employed as adult entertainers in Defendants' club E11EVEN MIAMI.

26. Plaintiff and those similarly situated were subjected to similar policies in that Defendants forced Class Members to perform work-related duties without being paid wages.

27. Plaintiff and those similarly situated were subjected to similar policies in that Defendants forced Class Members to share their tips with non-tipped employees.

28. Plaintiff and those similarly situated were subjected to similar policies in that Defendants forced Class Members to pay house fees for the right to work.

29. These policies or practices were applicable to Plaintiff and members of the collective action. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices apply to all

members of the collective action. Accordingly, members of the collective action are properly defined as:

> All persons who worked for Defendants as adult entertainers at their club E11EVEN MIAMI during the three (3) years preceding this lawsuit.

30. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.,* (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

31. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of forcing Plaintiff and those similarly situated to work without compensation, to participate in an illegal tip-sharing scheme in which their tips were shared with non-tipped employees, and to kick-back a portion of their tips directly or indirectly to Defendants, or to others for Defendants' benefit through payment of house fees.

32. Defendants violated § 207(a)(l) and § 2l5(a)(2), by employing Plaintiff and those similarly situated within the meaning of the FLSA for one or more workweeks without compensating them for all hours worked at the minimum wage rate for all hours worked up to forty in a week and at the overtime rate of time-and-one-half for all hours worked in excess of forty hours in a work week. Thus, Defendants acted willfully by failing to pay Plaintiff, and those similarly situated, in accordance with the law.

**COUNT I**
**FAILURE TO PAY MINIMUM WAGE IN**
**VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq***

33. Plaintiff, on behalf of herself and others similarly situated, reincorporates and re-alleges paragraphs 1 through 32 as though set forth fully herein and further alleges as follows:

6

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

34. Defendants willfully and intentionally suffered or permitted Plaintiff, and those similarly situated, to work without being paid an hourly wage.

35. By forcing Plaintiff, and those similarly situated, to work without being paid an hourly wage, Defendants owe Plaintiff, and those similarly situated, the full minimum wage for each hour worked up to forty hours in a week.

36. As a direct and proximate result of forcing Plaintiff, and those similarly situated, to work without being paid an hourly wage, Plaintiff, and those similarly situated, have been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff NANCY ALVAREZ, on behalf of herself and others similarly situated, demands judgment in her favor and against Defendants GR OPCO, LLC and DENNIS DEGORI, jointly and severally, as follows:

  a) Award to Plaintiff, and those similarly situated, for payment of all regular hours at the full minimum wage;

  b) Award to Plaintiff, and those similarly situated, liquidated damages equal to the payment of all regular hours at the full minimum wage owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

  c) Award to Plaintiff, and those similarly situated, reasonable attorneys' fees and costs; and

  d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

37. Plaintiff, on behalf of herself and others similarly situated, reincorporates and re-alleges paragraphs 1 through 32 as though set forth fully herein and further alleges as follows:

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

38. Defendants willfully and intentionally suffered or permitted Plaintiff, and those similarly situated, to work without being paid an hourly wage.

39. By forcing Plaintiff, and those similarly situated, to work without being paid an hourly wage, Defendants owe Plaintiff, and those similarly situated, the full minimum wage for each hour worked up to forty hours in a week.

40. As a direct and proximate result of forcing Plaintiff, and those similarly situated, to work without being paid an hourly wage, Plaintiff, and those similarly situated, have been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff NANCY ALVAREZ, on behalf of herself and others similarly situated, demands judgment in her favor and against Defendants GR OPCO, LLC and DENNIS DEGORI, jointly and severally, as follows:

  a) Award to Plaintiff, and those similarly situated, for payment of all hours worked over forty per week at the full overtime wage rate;

  b) Award to Plaintiff, and those similarly situated, liquidated damages equal to the payment of all hours at the full overtime wage rate owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

  c) Award to Plaintiff, and those similarly situated, reasonable attorneys' fees and costs; and

  d) Award such other and further relief as this Court may deem just and proper.

## COUNT III
## DECLARATION OF RIGHTS

41. Plaintiff reincorporates and re-alleges paragraphs 1 through 32 as though set forth fully herein, and further alleges as follows:

42. Plaintiff, and those similarly situated, and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331. The Court also has jurisdiction over Plaintiff's, and those similarly situated, request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

43. Defendants did not rely on a good faith defense in forcing Plaintiff, and those similarly situated, to work without being paid an hourly wage, to share tips with non-tipped employees, to kick-back tips directly or indirectly to Defendants or to others for Defendants' benefit through the payment of house fees, under the FLSA.

44. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

45. Many Class Members are believed to be currently employed by Defendants.

46. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff, and those similarly situated, from Defendants, now and in the future.

WHEREFORE, Plaintiff NANCY ALVAREZ, on behalf of herself and those similarly situated, demands judgment in her favor and against Defendants GR OPCO, LLC and DENNIS DEGORI, jointly and severally, as follows:

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendants from further violations of the FLSA;

c) Award Plaintiff reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

9

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 7th day of February, 2017.

By: __s/Robert W. Brock II__
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **February 7, 2017**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: __s/Robert W. Brock II__
Robert W. Brock II, Esq.
Florida Bar No. 75320

**ALVAREZ v. GR OPCO, LLC and DEGORI**
**Case No.:**

10

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808